Dear Representative Weese,
¶ 0 This office has received your request for an official Attorney General Opinion in which you asked the following questions:
1. Is a State educational institution eligible to be licensed bythe Oklahoma Department of Public Safety for the purpose ofoperating a commercial driver training school?
2. Is a State educational institution exempt from the commercialdriver training school licensure requirements?
¶ 1 Commercial driver training schools are licensed by the Oklahoma Department of Public Safety pursuant to 47 O.S. 1991and Supp. 1996, §§ 801-808. Section 801(A) defines such a school as:
 [A] business enterprise conducted by an individual, association, partnership, or corporation, for the education and training of persons . . . to operate or drive motor vehicles and/or to prepare an applicant for an examination given by the state for a driver license . . . and charging a consideration or tuition for such services.
47 O.S. Supp. 1996, § 801[47-801](A).
¶ 2 In order to be eligible for licensure, a commercial driver training school must meet the definition set forth above. A State educational institution operating as an educational institution does not satisfy the definitional requirements because it is notper se a business enterprise conducted by an individual, association, partnership or corporation. As such, a State educational institution would not be eligible for licensure by the Department of Public Safety in order to operate a commercial driver training school.
¶ 3 Whether a State educational institution might conduct, in some manner, a business enterprise which would fall within the definition of a commercial driver training school is a question of fact. However, an exemption exists which may further exclude the school from any licensing requirements. Title 47 provides:
 The provisions of this Act shall not apply to . . . schools or classes conducted by colleges, universities and high schools for regularly enrolled, full-time students as a part of the normal program for such institutions.
47 O.S. 1991, § 807[47-807].
¶ 4 Accordingly, even State educational institutions which may fall within the statutory definition of "commercial driver training school" are not subject to licensure if they conduct such classes for regularly enrolled, full-time students. If these schools instruct students who are not regularly enrolled full-time students, the licensing requirements of the Act may apply.
¶ 5 The two statutory provisions cited above, 47 O.S. Supp.1996, § 801[47-801](A) and 47 O.S. 1991, § 807[47-807], appear to answer your questions in a plain, straight-forward manner. Where, as in the instant case, the language of a statute is unambiguous, no rules of statutory construction are used and the evident meaning of the language must be accepted. Jackson v. IndependentSchool District No. 16, 648 P.2d 26 (Okla. 1982).
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. State educational institutions operating as educationalinstitutions are not eligible to be licensed by the Department ofPublic Safety for purposes of operating a commercial drivertraining school.
2. If a State educational institution engages in a businessenterprise, it may fall within the definitional requirements of47 O.S. Supp. 1996, § 801(A), but may be exempt if itsatisfies the requirements of 47 O.S. 1991, § 807[47-807].
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JUDY A. TERRY ASSISTANT ATTORNEY GENERAL